OPINION
{¶ 1} Defendant-appellant, Edward Mullins, appeals his conviction in the Middletown Municipal Court for driving while intoxicated. We affirm the conviction.
 {¶ 2} On March 15, 2003, Middletown Police Officer Andy Warrick, responding to a tip from a motorist reporting erratic driving, went to 2312 South Verity in Middletown. There, he found an automobile matching the description provided by the motorist. The vehicle had struck a fence in front of a residence. Officer Warrick approached the residence and was met by Arthur Chandler, appellant's father. Chandler asserted that he had not been driving the vehicle and suggested that appellant may have been driving. Chandler summoned appellant, who was sleeping.
 {¶ 3} Officer Warrick immediately noticed that appellant had a very strong odor of an alcoholic beverage about him. His eyes were bloodshot and glassy, and his speech was slurred. Officer Warrick asked appellant "if he had been driving that vehicle that was out front that had struck the fence." Appellant responded that he had. Appellant further stated that he had just recently arrived home.
 {¶ 4} Officer Warrick then administered field sobriety tests, including the horizontal gaze nystagmus test, which appellant failed. Officer Warrick discontinued further testing when appellant fell to the ground while observing the officer demonstrate the "walk and turn" test. Appellant was transported to the Trenton Police Station for a breathalyzer test. Testing revealed that his blood alcohol level was .239 grams of alcohol per 210 liters. Appellant was subsequently arrested for driving while under the influence of alcohol in violation of Middletown Municipal Ordinance 434.01.
 {¶ 5} At trial, Officer Warrick testified to the above sequence of events. In his defense, appellant testified that an acquaintance had actually driven the car, not him. Appellant could not recall having told Officer Warrick that he had driven the car. Rather, he recalled only communicating that he had driven the car earlier in the day. He testified that he had consumed a fifth of tequila over the course of the afternoon and was very intoxicated at the time he spoke with Officer Warrick.
 {¶ 6} Jonathan Kaskey testified that he had driven to appellant's home earlier that day to have a chainsaw sharpened. He testified that he and appellant later left in appellant's car to return to Kaskey's house. He testified that appellant consumed alcohol most of the afternoon, while he (Kaskey) was trimming trees. Kaskey testified that he had driven appellant home that evening fearing that appellant was too intoxicated to drive. Kaskey additionally testified that he was unfamiliar with appellant's car, and didn't engage the emergency brake when he parked the car, thus allowing it to roll into the fence. Kaskey stated that he left appellant's car there, walked appellant to the front door, and then returned to his home, driving a truck which he parked at appellant's residence earlier that day.
 {¶ 7} Upon considering the evidence and testimony, the trial court found appellant guilty of driving while under the influence of alcohol and sentenced him accordingly. Appellant appeals, raising one assignment of error in which he alleges that his conviction is not supported by sufficient evidence and also contrary to the manifest weight of the evidence.
 {¶ 8} When reviewing whether a conviction is supported by sufficient evidence, an appellate court's function is to determine whether the evidence admitted at trial, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
 {¶ 9} In determining whether a conviction is against the manifest weight of the evidence, an appellate court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. The reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of syllabus.
 {¶ 10} The prosecution presented evidence that appellant admitted driving the vehicle into the fence on the evening in question. Appellant also admitted to having consumed alcohol. Officer Warrick testified that appellant had the odor of an alcoholic beverage about him, that his eyes were glassy, and his speech slurred. Appellant admitted that he was intoxicated and a breath test confirmed that his blood alcohol concentration was well above the legal limit. In his defense, appellant offered testimony that it was Kaskey, not he, who drove the vehicle that evening.
 {¶ 11} Viewing this evidence in a light most favorable to the prosecution, we conclude that the trier of fact could have found that the essential elements of the alleged offense were proven beyond a reasonable doubt. The conviction is thus supported by sufficient evidence. We also conclude that the conviction is not contrary to the manifest weight of the evidence. Although conflicting testimony was presented, the trial court was in the best position to resolve this conflict based on its determination of the credibility of the witnesses and the testimony. The assignment of error is overruled.
Judgment affirmed.
Young, P.J., and Valen, J., concur.